IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMY VIVERETTE,<br>No. M-35784,<br>　　　Plaintiff, | )<br>)<br>)<br>) | |
| vs. | )<br>) | Case No. 17−cv−586-JPG |
| WEXFORD HEALTH SOURCES INC,<br>C. BROOKS,<br>N. BAKER, and<br>TRAVIS, | )<br>)<br>)<br>) | |
| 　　　Defendants. | | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jimmy Viverette, an inmate in Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that officials at Lawrence were deliberately indifferent to his serious medical condition (a partial tear in his Achilles tendon that required surgery). (Doc. 1, pp. 6-7). In connection with his claims, Plaintiff sues Wexford Health Sources Inc. (a private corporation contracted to provide healthcare for inmates at Lawrence), C. Brooks (a nurse), N. Baker (a nurse), and Travis (a physician's assistant). Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 8).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

On December 21, 2014, Plaintiff was playing basketball in the yard when he heard a loud pop in the back of his leg ("like a gunshot"). (Doc. 1, p. 6). The resulting pain was so bad, Plaintiff could not walk. *Id.* Plaintiff asked the correctional officer for medical assistance. *Id.* The correctional officer contacted the healthcare unit and Brooks, a nurse, responded with a wheelchair. *Id.*

Plaintiff informed Brooks that he heard something pop in his leg. *Id.* Brooks completed an injury report. *Id.* On the injury report, Brooks checked the box for "follow up" but did not mark the box for referral to a physician. *Id.* Brooks then told Plaintiff that everything looked fine; he had simply pulled a muscle. *Id.* Brooks made Plaintiff walk back to his unit without

assistance. *Id.* Plaintiff was in so much pain he had to hop on one leg. Plaintiff was never contacted for a follow-up appointment. *Id.*[1]

Plaintiff suffered in pain for approximately one month before submitting another medical request on January 24, 2015. *Id.* In connection with this request, Plaintiff was examined by an unidentified nurse. *Id.* The unidentified nurse referred Plaintiff to a physician's assistant.

Plaintiff was seen by Travis, a physician's assistant, on January 29, 2015. *Id.* Travis noted that Plaintiff had pain in his Achilles tendon but did not request an x-ray or provide any other treatment. *Id.* Travis did not refer Plaintiff for an evaluation with a physician. *Id.* However, Travis did "order a follow-up" examination. *Id.* Although Travis ordered a follow-up examination, Plaintiff was not called back for a follow-up examination. *Id.* Accordingly, Plaintiff submitted another medical request on March 18, 2015. At that time, Plaintiff was seen by Nurse Baker. *Id.* Nurse Baker referred Plaintiff to Travis. *Id.*

On March 23, 2015, in accord with Nurse Baker's referral, Plaintiff was seen a second time by Travis. *Id.* This was the first time that Plaintiff's leg was actually examined. (Doc. 1, p. 7). After examining Plaintiff's leg, Travis referred Plaintiff to see the prison physician, Dr. Coe. *Id.*

Plaintiff was examined by a physician (Dr. Coe) for the first time on March 30, 2015. Dr. Coe observed a "deformity" in Plaintiff's left calf and ordered an ultrasound. *Id.* The ultrasound revealed a partial tear in Plaintiff's Achilles tendon. *Id.* In April 2015, Plaintiff received a splint for his injured leg. *Id.* Plaintiff was also referred to an orthopedic specialist. *Id.* Plaintiff had surgery to repair the injury in May of 2015. *Id.*

---

[1] It is unclear whether Brooks actually examined Plaintiff's leg or simply completed an injury report. The Complaint does not state whether Brooks provided Plaintiff with any pain medication or other treatment.

After surgery, Plaintiff experienced severe pain that was not controlled by the Tylenol he was prescribed. *Id.* It is unclear whether Plaintiff is alleging that he is continuing to experience pain (two years after his surgery). He further alleges that his recovery has been impeded by officers who would not get him extra pillows to ensure he keeps his leg propped up. *Id.* Plaintiff filed an emergency grievance with the warden but it was denied. *Id.*

## **Discussion**

The Court finds it convenient to divide the *pro se* action into a single count. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

**Count 1 -** Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical condition against Defendants.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.' " *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To satisfy the objective element, Plaintiff must show that he had a serious medical need. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). To satisfy the subjective element, Plaintiff must show that Defendants "were aware of [Plaintiff's] serious medical need and were deliberately indifferent to it." *McGee*, 721 F.3d at 480. This requires showing something more than negligence, but it does not require a plaintiff to prove he was literally ignored. *Roe*, 631 F.3d at 857–58. Instead, it is sufficient to "show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Id.* at 858 (quoting *Greeno*, 414 F.3d at 653).

---

[2] In particular, the Complaint includes several allegations complaining about events occurring after Plaintiff's surgery. The allegations are insufficient to state a claim under *Twombly* and/or are not directed at any of the named Defendants.

For screening purposes, Plaintiff has alleged the existence of a serious condition. Factors that indicate a serious condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff alleges that, while in the yard, he heard a loud pop in the back of his leg. The resultant pain was so bad Plaintiff could not walk and had to be transported to the healthcare unit in a wheelchair. Subsequent examination revealed a partial tear in Plaintiff's Achilles tendon. The described injury qualifies as a serious – at least at this stage of the litigation. *See Id.* at 1372 n.7 (considering the liberal notice pleading standards and the leniency with which *pro se* complaints must be evaluated, "the 'seriousness' determination will often be ill-suited for resolution at the pleading stage and will have to await summary judgment proceedings, at which point a fully developed medical record will inform the court as to the nature of the inmate's condition.").

Plaintiff's Complaint also sufficiently alleges that Brooks and Travis acted with deliberate indifference. Brooks concluded that Plaintiff was not injured and forced him to walk back to his unit unassisted. At the time, Plaintiff was in so much pain he had to hop on one leg. Brooks filled out an injury report, but it is not clear if Brooks actually examined Plaintiff's injury or provided any sort of treatment. Travis failed to examine Plaintiff's leg during their first visit and provided no treatment. Travis did not examine Plaintiff's injury until Plaintiff was referred to Travis for a second visit. The exam revealed an injury that eventually required surgery. As a result of the alleged deliberate indifference, Plaintiff experienced delay (almost 3 months) before receiving medical care for what turned out to be a torn Achilles tendon.

Notably, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of a constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d

675, 679 (7th Cir. 2008). Further factual development is necessary to determine whether Brooks and Travis failed to treat Plaintiff because of error or incompetence (which does not violate the Constitution) or whether each Defendant's action (or inaction) amounted to unconstitutional deliberate indifference to a serious medical need. Accordingly, the Complaint shall receive further review as to Brooks and Travis.

The Complaint does not state a claim as to Baker or Wexford. The only allegation as to Baker is that she referred Plaintiff to Travis for further treatment. The Complaint does not suggest that she responded with deliberate indifference to Plaintiff's serious medical need. Wexford is identified as a Defendant in the caption of the Complaint. However, the Complaint does not direct any allegations against Wexford, let alone suggest that the alleged constitutional violation was the result of a policy or practice that can be attributed to Wexford. *See Perez v. Fenoglio*, 792 F.3d 768, 780 (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2014)) (private corporation will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in a constitutional deprivation). Accordingly, Baker and Wexford shall be dismissed from the Complaint without prejudice.

### **Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be referred to a United States Magistrate Judge for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED**. The Court will order service as a matter of course upon all defendants who remain in this action pursuant to this screening order because Plaintiff is a prisoner who has been granted permission to proceed in this action as a poor person. (Doc. 6).

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint shall receive further review as to **BROOKS** and **TRAVIS.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **BROOKS** and **TRAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's Motion to Appoint Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 16, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**